**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-125

BLANCA ESTHER KARR KARR,

      Plaintiff,

 v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

      Defendant.

---

ORIGINAL COMPLAINT

---

To the Honorable Judge of this Court:

Plaintiff, BLANCA ESTHER KARR-KARR, ("Plaintiff") seeks review of the denial of her application for adjustment of status ("Residency Application"), which was denied based solely upon one question of law. Defendant did not deny the Residency Application in the exercise of discretion. Plaintiff's alien registration number is 206-584-835. Plaintiff shows the Court the following:

## I.   JURISDICTION AND VENUE.

1.   This Court has jurisdiction pursuant to 28 USC § 1331 because this action arises from the laws of the United States. The issue in this matter is whether Plaintiff is

ineligible under 8 USC § 1182(a)(9)(B)(i)(II) from being granted adjustment of status under 8 USC § 1255(a).

2.      This Court may grant relief under 5 USC §§ 701 et seq. (Administrative Procedures Act, hereinafter the "APA"); 28 USC §§ 1361 et seq. (Mandamus Act), 28 USC §§ 1651 et seq. (All Writs Act), and 28 USC §§ 2201 et seq. (Declaratory Judgment Act).

3.      The APA, in part, empowers the federal courts to "hold unlawful and set aside agency actions, findings, and conclusions" that are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) in excess of statutory jurisdiction, (3) without observance of procedure required by law, and (4) unsupported by substantial evidence. (5 USC § 706).

4.      Venue is proper under 28 USC § 1391(e)(1) because Defendant is an agency of the United States, a substantial part of the events or omissions giving rise to the claim occurred within the judicial district of this Court, Plaintiff resides within the judicial district of this Court, and no real property is involved in this action.

5.      The United States Citizenship & Immigration Services ("USCIS") denied Plaintiff's Residency Application solely because of Defendant's most-recent interpretation of 8 USC § 1182(a)(9)(B)(i)(II).

6.      The Defendant's most-recent interpretation of 8 USC § 1182(a)(9)(B)(i)(II) reverses the agency's interpretation of that statutory provision which has been in place for nearly 20 years.

## II.    PARTIES.

7.      Blanca Esther Karr Karr is a citizen of Mexico. She resides in Denver

County, Colorado.

8.      The USCIS is an agency of the United States within the Department of

Homeland Security. The agency accepts and adjudicates applications for adjustment of

status under 8 USC § 1255(a).

## III.    FACTS.

9.      On or about November 27, 2000, Plaintiff was lawfully admitted to the

United States as a nonimmigrant pursuant to a visa with an authorized period of stay

until May 28, 2001.

10.     Plaintiff remained in the United States until sometime in 2005, when she

departed the United States.

11.     Plaintiff returned to the United States on or about December 16, 2005

when she was inspected and admitted to the United States as a nonimmigrant worker.

12.     Plaintiff has not departed the United States since that inspection and

admission.

13.     On or about January 25, 2016, Plaintiff properly filed her Residency

Application with USCIS.

14.     By the filing of her Residency Application, Plaintiff sought adjustment of

status to be admitted as a lawful permanent resident of the United States pursuant to 8

USC § 1255(a).

15.     At all times during the pendency of the Residency Application, Plaintiff was eligible to receive an immigrant visa and was admissible to the United States for permanent residence.

16.     An immigrant visa was immediately available to Plaintiff at the time her application was filed.

17.     The USCIS approved the immigrant visa petition filed by Plaintiff's United States citizen daughter.

18.     Plaintiff remains eligible for adjustment of status under 8 USC § 1255(a).

19.     On or about October 19, 2016, the Denver Field Office of USCIS examined Plaintiff on her Residency Application.

20.     The Denver Field Office is located in Arapahoe County, Colorado.

21.     On or about December 5, 2016, the USCIS denied the Residency Application solely because the USCIS found Plaintiff to be ineligible under INA § 212(a)(9)(B) to be admitted as a lawful permanent resident under 8 USC § 1255(a).

22.     Section 1182(a)(9)(B)(i) of the 8 USC states in relevant part

In general.-Any alien (other than an alien lawfully admitted for permanent residence) who-
. . .
(II) has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States is inadmissible.

23.     Plaintiff was unlawfully present in the United States for more than one year, and she departed the United States in 2005.

24.     In 2005, Plaintiff was inspected and lawfully admitted to the United States

on a nonimmigrant work visa.

25.    Through the filing of her Residency Application, Plaintiff sought admission

more than ten years after her departure from the United States.

26.    Plaintiff is not ineligible under 8 USC § 1182(a)(9)(B)(i)(II).

27.    Plaintiff did not seek and does not seek admission through her Residency

Application within ten years of the date of her departure.

28.    Plaintiff has no impediment to adjustment of status under 8 USC §

1255(a).

29.    Defendant denied the Residency Application by erroneously interpreting 8

USC § 1182(a)(9)(B)(i)(II) to require an alien to remain outside the United States for ten

years after the date of departure before the alien may seek admission under 8 USC §

1255(a).

30.    Defendant's erroneous interpretation of the statute erroneously changes a

ten-year period of ineligibility to a permanent ground of ineligibility.

31.    Defendant's erroneous interpretation of the statute is contrary to the plain

meaning of the statute and to Congress' intent in creating a ten-year period of

ineligibility.

32.    Plaintiff has exhausted all administrative remedies.

33.    As stated in Defendant's decision to deny the Residency Application, there

is no appeal from the decision.

34.    Plaintiff is not in removal proceedings.

35.    The decision to deny the Residency Application is a final agency decision.

## IV.    INJURY TO PLAINTIFF.

36.    Plaintiff has been unable to stabilize her life in the United States due to Defendant's erroneous and wrongful denial of her Residency Application.

37.    Defendant has administered the USCIS's interpretation of 8 USC § 1182(a)(9)(B) through ad hoc adjudication, unwritten policy, and not by regulation.  The lack of regulations regarding the provision of the statute and the atmosphere of uncertainty regarding USCIS's interpretation of 8 USC § 1182(a)(9)(B)(i)(II) have thwarted the will and intent of Congress as articulated in various ameliorative statutes. Because of a lack of published regulations by Defendant, USCIS denies applications like those of Plaintiff based on the agency's misinterpretation of 8 USC § 1182(a)(9)(B)(i)(II).

## V.    GROUNDS FOR RELIEF.

38.    Defendant unlawfully denied Plaintiff's Residency Application alleging statutory ineligibility, even though Plaintiff has established statutory and regulatory eligibility.

39.    Defendant's actions with respect to Plaintiff are illegal, arbitrary, and capricious.

40.    Defendant's denial of Plaintiff's Residency Application has caused unnecessary injury to Plaintiff and to her United States citizen daughter.

41.    Plaintiff has exhausted all administrative remedies available and no adequate remedy exists outside this action.

## VI.    PRAYER FOR RELIEF.

WHERFORE, Plaintiff respectfully requests the Court to grant the following relief:

a.    Assume jurisdiction over this cause;

b.    Review the decision denying Plaintiff's Residency Application;

c.    Declare that Defendant's actions regarding the Residency Application are illegal, arbitrary and capricious;

d.    Hold unlawful and set aside Defendant's actions, findings, and conclusions as to the Residency Application;

e.    Enter judgment, ordering Defendant to re-adjudicate the Residency Application in accordance with applicable federal statute and regulation;

f.    Award attorneys' fees and costs to Plaintiff; and

g.    Grant any other and further relief that this Court may deem fit and proper.


Respectfully submitted,


s/ Roy Petty
**Roy Petty**
ROY PETTY & ASSOCIATES, PLLC
8700 N Stemmons Fwy, Ste 101
Dallas, TX 75247
Tel:  (214) 905-1420
Fax: (214) 905-2010
Email: roy@roypetty.com
Attorney for Plaintiff Blanca Esther Karr Karr


Original Complaint                                              Page 7